[Civ. No. 9695. Second Appellate District, Division One.—November 1, 1935.]

GRANT CARVER, Respondent, v. ABE DONIN et al., Defendants; CORA CIRINO, Appellant.

A. G. Ritter for Appellant.

Charles L. Nichols, Carleton B. Wood, Kidd, Schell & Delamer and Schell & Delamer for Respondent.

SHINN, J., *pro tem.*—This is an appeal by defendant Cora Cirino, owner of an automobile, whose liability under the judg-

ment for damages rendered against her was founded on section 1714¼ of the Civil Code.

The facts are the same as stated in the opinion in *Carver* v. *Donin,* Civil No. 9694 (*ante,* p. 631 [50 Pac. (2d) 883]), this day decided. The points raised on appeal, with a single exception, are decided in that case. ■ The additional point is raised by the following question: "Under section 1714¼, Civil Code, is the borrower, as well as the operator of the owner's automobile, a necessary, as well as a proper, party defendant to render the owner liable for the owner's statutory liability?" The answer to this question is that the borrower, unless he be the operator, is not a necessary party, because upon these facts alone, he is under no liability. The evidence shows, without conflict, that defendant Cirino loaned her automobile to her brother, who allowed defendant Donin to drive it. The brother who borrowed the car was not operating it at the time of the accident.

The judgment in this case is in the same form as that in the case of *Carver* v. *Donin, supra,* this day decided, and for the reasons stated in that case, it is modified so as to read as follows: "That the plaintiff Grant Carver do have and recover of and from the defendant Abe Donin the sum of $2,653.95, and that said plaintiff do have and recover of and from the defendants Abe Donin and Cora Cirino jointly the further sum of $5,000, together with his costs which are hereby taxed in the sum of $69.75."

The judgment is affirmed as modified.

Houser, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 30, 1935.